**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MAX ALVARO CUEVAS GARCIA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-72202<br><br>Agency No. A021-616-329<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted October 11, 2013[**]
Pasadena, California

Before: KLEINFELD and CHRISTEN, Circuit Judges, and SEDWICK, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable John W. Sedwick, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

Max Alvaro Cuevas Garcia petitions for review of a 2009 order by the Department of Homeland Security reinstating a 2001 order of removal. This court has jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

Petitioner did not show that the procedural requirements of 8 C.F.R. § 241.8 were not met in his case; he was given an opportunity to make a post-determination statement. Further, even considering petitioner's proposed supplemental materials, he is not eligible for relief on the basis of his alleged procedurally regular entry into the United States. This court has held that a "substantively illegal reentry" — that is, the reentry of an alien who is not "properly admissible" — meets the illegal reentry requirement of 8 U.S.C. § 1231(a)(5). *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 953 (9th Cir. 2013). Petitioner made no showing that he was properly admissible at the time he reentered the country. Therefore, the outcome of his case would not change even if he showed that his reentry was "procedurally regular" in the sense that a border official allowed him to pass into the country with his family. *See id.* at 952–53.

For these reasons, petitioner suffered no prejudice that would entitle him to relief on his due process claim. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007).

The petition is **DENIED**.  The motion to augment the administrative record is deemed **MOOT**.